BARBARA L. HOCH, formerly Barbara L. Seymour, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hoch v. Commissioner
Docket No. 24286-84
United States Tax Court
T.C. Memo 1988-184; 1988 Tax Ct. Memo LEXIS 207; 55 T.C.M. (CCH) 728; T.C.M. (RIA) 88184; April 28, 1988. R. William Stephens, for petitioner. Anne M. DiFonzo, for respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined deficiencies in petitioner's income taxes for taxable years 1977 through 1980 in the amounts of $ 1,426.00, $ 1,288.00, $ 1,992.00, and $ 3,410.40, respectively. After concessions the only issue for determination is whether petitioner qualifies under section 6013(e) [1] as an "innocent spouse." *208 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by reference. Petitioner resided at Lancaster, New York, at the time the petition was filed in this case. For the years 1977 through 1980, she filed timely joint Federal income tax returns with her then husband, Paul R. Seymour ("Paul"). In April, 1981, they filed amended joint income tax returns for 1977 through 1979. In November of 1982 petitioner and Paul were divorced. Petitioner, who was born in 1954, holds a bachelor's degree in biology and a master's degree in science instruction. Since 1976 she has been employed as a high school science teacher. During her marriage to Paul, 1974 - 1982, petitioner was the principal wage earner for the couple. During the marriage Paul was a self-employed, traveling musician whose income was not subject to withholding. Petitioner has never had any formal courses in accounting but prior to the marriage she prepared and filed her own income tax returns. During the marriage petitioner was responsible for collecting the couple's receipts, Forms W-2, Forms 1099, and other records needed *209 in the preparation of their joint returns. These items were turned over to their return preparer, Thomas King, the brother-in-law of Paul. On the joint 1980 return, a loss deduction was claimed with respect to a partnership identified as Rainbow Fine Arts Two Company ("Rainbow"). An investment tax credit was also claimed with respect to the alleged Rainbow investment. The investment tax credit was carried back to 1977, 1978, and 1979 as shown on amended returns for those years. In his notice of deficiency, which was mailed to petitioner on April 11, 1984, respondent disallowed the Rainbow loss deduction and the investment tax credit claimed on the return for 1980 and the amended returns for 1977 through 1979. In the petition, petitioner assigned as error respondent's disallowance of the loss deduction and the investment tax credit but she subsequently conceded that respondent's disallowance of the deduction and the credit was correct and the case proceeded to trial for the sole purpose of determining whether she qualifies as an innocent spouse under section 6013(e). At trial, petitioner introduced into evidence certain testimony and documents which tend to prove the elements *210 of section 6013(e)(1)(A) through (D), i.e., that joint returns were filed by petitioner and her former husband for 1977 through 1980, that each of said returns contained substantial understatements of tax attributable to grossly erroneous items of her former husband, that petitioner did not know and had no reason to know of such substantial understatements, and that upon consideration of all the facts and circumstances it would be inequitable to hold her liable for the taxes attributable to such substantial understatements. Petitioner, however, failed to produce any evidence which tends to establish that she meets the income percentage requirements of section 6013(e)(4). Instead petitioner contends that respondent failed to raise this issue during or prior to the trial of the case and by his silence and inaction has waived any issue as to the petitioner's qualification under section 6013(e)(4). OPINION Section 6013(e)(4) [2] was added to the Internal Revenue Code by the Tax Reform Act of 1984. It is retroactive to any taxable year to which the 1954 Code or the 1939 Code is applicable except to years closed by statutes of limitation or by res judicata. Pub. L. 98-369, section *211 424, 98 Stat. 801; H. Rept. 98-432, Pt. 2, 1401, 1503 (March 5, 1984). *212 Where an understatement of income tax on a joint return is attributable to the disallowance of a claimed deduction or credit, the relief afforded by section 6013(e)(1) is denied by section 6013(e)(4) unless the liability of the spouse claiming the relief exceeds a specified percentage of the adjusted gross income of such spouse for his or her preadjustment year, i.e., the taxable year preceding the date the deficiency notice was mailed. We have found in this case that the deficiency notice was mailed to petitioner on April 11, 1984. Therefore, her preadjustment year is 1983. The record, however, does not contain petitioner's return for 1983 or any other evidence from which we can determine her adjusted gross income for that year. [3] Consequently it is impossible to determine whether she qualifies under section 6013(e)(4) for the relief provided by section 6013(e)(1). We conclude therefore that petitioner has failed to carry her burden of proving that she meets all of the requirements for relief as an innocent spouse under section 6013(e). Rule 142; see ; . *213 Furthermore, we cannot subscribe to petitioner's contention that respondent, by silence or inaction, has waived or conceded the requirements of section 6013(e)(4). Prior to and during the trial of this case, petitioner was obviously aware of respondent's opposition to petitioner's reliance on section 6013(e), and clearly, section 6013(e)(4) posed an obstacle to such relief since petitioner was the primary wage earner of the couple during the years in dispute and continued to be substantially employed up to the time of trial. It was petitioner's responsibility, therefore, to allege, and in the absence of a stipulation by respondent, to prove sufficient facts to support a finding that her liability in each of the years 1977 through 1980 was greater than the applicable percentage under section 6013(e)(4) of her adjusted gross income in 1983. Rule 142. Decision will be entered for *214 the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and all rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise provided. ↩
2. Section 6013(e)(4) provides: (4) UNDERSTATEMENT MUST EXCEED SPECIFIED PERCENTAGE OF SPOUSE'S INCOME. -- (A) ADJUSTED GROSS INCOME OF $ 20,000 OR LESS. -- If the spouse's adjusted gross income for the preadjustment year is $ 20,000 or less, this subsection shall apply only if the liability described in paragraph (1) is greater than 10 percent of such adjusted gross income. (B) ADJUSTED GROSS INCOME OF MORE THAN $ 20,000. -- If the spouse's adjusted gross income for the preadjustment year is more than $ 20,000, subparagraph (A) shall be applied by substituting "25 percent" for "10 percent". (C) PREADJUSTMENT YEAR. -- For Purposes of this paragraph, the term "preadjustment year" means the most recent taxable year of the spouse ending before the date the deficiency notice is mailed. (D) COMPUTATION OF SPOUSE'S ADJUSTED GROSS INCOME. -- If the spouse is married to another spouse at the close of the preadjustment year, the spouse's adjusted gross income shall include the income of the new spouse (whether or not they file a joint return). (E) EXCEPTION FOR OMMISSION FROM GROSS INCOME. -- This paragraph shall not apply to any liability attributable to the omission of an item from gross income. ↩
3. Subsequent to the trial, the absence from the record of such obviously relevant evidence was called to the attention of counsel for the parties by the Court with the suggestion that the omission be cured by an appropriate stipulation. However, counsel for petitioner declined to so stipulate. ↩